IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MIDWAY GAMES INC., et al.,[1] | : | Case No. 09-10465 (KG) |
| Debtors | : | (Jointly Administered) |
| | | |
| BUCHWALD CAPITAL ADVISORS LLC, AS LIQUIDATING TRUSTEE FOR THE LIQUIDATING TRUST OF MIDWAY GAMES INC., et al. | : | Adv. Pro. No: 10-52715 (KG) |
| Plaintiff, | : | |
| vs. | : | |
| HIJINX STUDIOS, LLC, | : | |
| Defendant | : | |
| | | |
| HIJINX STUDIOS, LLC, | : | |
| Counter-Plaintiff, | : | |
| vs. | : | |
| BUCHWALD CAPITAL ADVISORS LLC, AS LIQUIDATING TRUSTEE FOR THE LIQUIDATING TRUST OF MIDWAY GAMES INC., et al. | : | |
| Counter-Defendant | : | |

## ANSWER AND COUNTERCLAIM

Defendant HIJINX STUDIOS, LLC. ("HIJINX"), for its answer to the Complaint to Avoid and Recover Preferential Transfers and Fraudulent Transfers and for Disallowance of Claim (the "Complaint") of plaintiff, BUCHWALD CAPITAL ADVISORS, LLC (the

---

[1] Debtors are: Midway Games, Inc., Midway Home Entertainment Inc., Midway Amusement Games, LLC, Midway Interactive Inc., Surreal Software Inc., Midway Studios – Austin Inc., Midway Studios – Los Angeles Inc., Midway Games West Inc., Midway Home Studios Inc., and Midway Sales Company, LLC.

1

"TRUSTEE"), as Liquidating Trustee for the LIQUIDATING TRUST OF MIDWAY GAMES, INC., et al. on file herein, admits, denies, and alleges as follows:

## ANSWER

## JURISDICTION AND VENUE

1.  Answering the allegations of Paragraph 1 of the Complaint, admits each and every allegation set forth therein.

2.  Answering the allegations of Paragraph 2 of the Complaint, admits each and every allegation set forth therein.

3.  Answering the allegations of Paragraph 3 of the Complaint, admits each and every allegation set forth therein.

## FACTUAL BACKGROUND

4.  Answering the allegations of Paragraph 4 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation that all of the Debtors were in the business of developing and publishing video games in the interactive entertainment software industry, and, therefore, denies the allegation on that basis, except admits that Debtor Midway Home Entertainment Inc. was in the business of hiring software developers, like HIJINX, to develop video game software playable on certain video game platforms for Debtors.

5.  Answering the allegations of Paragraph 5 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation that the Debtors distributed and sold video games primarily in North America, Europe, Asia, and Australia for ultimate use on home consoles, hand-held devices and personal computers, and, therefore, denies the allegation on that basis.

2

6. Answering the allegations of Paragraph 6 of the Complaint, admits that the video games marketed and sold by Debtors were developed by third-party developers, such as HIJINX. HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation that some video games marketed and sold by the Debtors were developed internally by the Debtors' employee teams, and, therefore, denies this allegation on that basis.

7. Answering the allegations of Paragraph 7 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations in Paragraph 7, and, therefore, denies the allegations on that basis, except admits that Debtors entered into agreements with HIJINX wherein the Debtors paid HIJINX for its services in developing video games for Debtors and assisting the Debtors in marketing such video games.

8. Answering the allegations of Paragraph 8 of the Complaint, admits each and every allegation therein.

9. Answering the allegations of Paragraph 9 of the Complaint, admits each and every allegation therein.

10. Answering the allegations of Paragraph 10 of the Complaint, admits each and every allegation therein.

11. Answering the allegations of Paragraph 11 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations that the conditions set forth in the Liquidation Plan for it to become effective have been satisfied and that the Liquidation Plan is effective, and, therefore denies the allegations on that basis.

12. Answering the allegations of Paragraph 12 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the

TRUSTEE'S allegations in Paragraph 12, and, therefore denies each and every allegation in Paragraph 12 on that basis.

13. Answering the allegations of Paragraph 13 of the Complaint, admits each and every allegation therein.

14. Answering the allegations of Paragraph 14 of the Complaint, denies each and every allegation set forth therein; except, admits that HIJINX entered into executory agreements with certain of the Debtors for the design, development and marketing of various video games and that those executory agreements called for the Debtors to pay HIJINX both progress payments and royalties based on sales.

15. Answering the allegations of Paragraph 15 of the Complaint, denies each and every allegation set forth therein; except, admits that HIJINX received one or more transfers from Debtors during the ninety (90) days prior to the Petition Date.

16. Answering the allegations of Paragraph 16 of the Complaint, denies each and every allegation set forth therein; except, admits that HIJINX received one or more transfers from Debtors during the two (2) years prior to the Petition Date.

17. Answering the allegations of Paragraph 17 of the Complaint, denies each and every allegation set forth therein.

18. Answering the allegations of Paragraph 18 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations in Paragraph 18, and, therefore denies each and every allegation of Paragraph 18 on that basis.

19. Answering the allegation of Paragraph 19 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation that it appears that the Debtors' creditors will receive far less than 100%

distributions in this case, and, therefore denies each and every allegation of Paragraph 19 on that basis.

## FIRST CLAIM
### Preferential Transfers
### (11 U.S.C. §§ 547 and 550)

20. Paragraphs 1 through 19 hereof are incorporated fully herein.

21. Answering the allegations of Paragraph 21 of the Complaint, denies each and every allegation set forth therein; except, admits that the Debtors incurred debts to HIJINX in the ordinary course of the business and financial affairs of both the Debtors and HIJINX, and the Debtors made certain payments to HIJINX in the ordinary course of the business and financial affairs of the Debtors and HIJINX and according to ordinary business terms.

22. Answering the allegations of Paragraph 22 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation that the so-called "Preferential Transfers" constitute transfers of the Debtors' interests in property, and, therefore denies each and every allegation of Paragraph 22 on that basis.

23. Answering the allegations of Paragraph 23 of the Complaint, denies each and every allegation set forth therein; except, admits that certain of the Debtors made certain pre-petition payments to HIJINX in satisfaction of debts incurred by the Debtors in the ordinary course of the business and financial affairs of the Debtors and HIJINX and that the payments were made in the ordinary course of the business and financial affairs of the Debtors and HIJINX and according to ordinary business terms.

24. Answering the allegations of Paragraph 24 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation that the Debtors were insolvent on the dates of the so-called

5

"Preferential Transfers", and, therefore denies each and every allegation of Paragraph 24 on that basis.

25. Answering the allegations of Paragraph 25 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation in Paragraph 25, and, therefore denies each and every allegation of Paragraph 25 on that basis.

26. Answering the allegations of Paragraph 26 of the Complaint, denies each and every allegation set forth therein, and, in particular, HIJINX denies that the transfers alleged in Paragraph 26 are recoverable by the TRUSTEE under sections 547 and 550 of the Bankruptcy Code, because the transfers were payments of a debt incurred in the ordinary course of the business and financial affairs of the Debtors and HIJINX and were made in the ordinary course of the business and financial affairs of the Debtors and HIJINX and were made according to ordinary business terms.

## SECOND CLAIM
### Fraudulent Transfers
### (11 U.S.C. §§ 548 and 550)

27. Paragraphs 1 through 26 hereof are incorporated fully herein.

28. Answering the allegations of Paragraph 28 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation that the so-called "Fraudulent Transfers" constitute transfers of the Debtors' interests in property, and, therefore denies each and every allegation of Paragraph 28 on that basis.

29. Answering the allegations of Paragraph 29 of the Complaint, denies each and every allegation set forth therein.

30. Answering the allegations of Paragraph 30 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations in Paragraph 30, and, therefore denies each and every allegation of Paragraph 30 on that basis.

31. Answering the allegations of Paragraph 31 of the Complaint, denies each and every allegation set forth therein.

### THIRD CLAIM
### Fraudulent Transfers
### (6 Del. C. §§ 1304, 1307 and 1308, and 11 U.S.C. §§ 544 and 550)

32. Paragraphs 1 through 31 hereof are incorporated fully herein.

33. Answering the allegations of Paragraph 33 of the Complaint, denies each and every allegation set forth therein.

34. Answering the allegations of Paragraph 34 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations in Paragraph 34, and, therefore denies each and every allegation of Paragraph 34 on that basis.

35. Answering the allegations of Paragraph 35 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations in Paragraph 35, and, therefore denies each and every allegation of Paragraph 35 on that basis.

36. Answering the allegations of Paragraph 36 of the Complaint, denies each and every allegation set forth therein.

## FOURTH CLAIM
### Fraudulent Transfers
### (6 Del. C. §§ 1305, 1307 and 1308, and 11 U.S.C. §§ 544 and 550)

37. Paragraphs 1 through 36 hereof are incorporated fully herein.

38. Answering the allegations of Paragraph 38 of the Complaint, denies each and every allegation set forth therein.

39. Answering the allegations of Paragraph 39 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations in Paragraph 39, and, therefore denies each and every allegation of Paragraph 39 on that basis.

40. Answering the allegations of Paragraph 40 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegations in Paragraph 40, and, therefore denies each and every allegation of Paragraph 40 on that basis.

41. Answering the allegations of Paragraph 41 of the Complaint, denies each and every allegation set forth therein.

## FIFTH CLAIM
### Disallowance of Claim
### (11 U.S.C. §§ 105, 502, 506, 544, 547, 548 and 550, and F.R.B.P. 3007, 3012, 7001)

42. Paragraphs 1 through 41 hereof are incorporated fully herein.

43. Answering the allegations in Paragraph 43 of the Complaint, admits that HIJINX may file one or more proofs of claim against the Debtors' estates in the future.

44. Answering the allegations of Paragraph 44 of the Complaint, denies each and every allegation set forth therein.

45. Answering the allegations of Paragraph 45 of the Complaint, denies each and every allegation set forth therein.

## RESERVATION OF RIGHTS

46. Answering the allegations of Paragraph 46 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S allegation in Paragraph 46 that the TRUSTEE has included in the Complaint all known applicable avoidance claims under chapter 5 of the Bankruptcy Code and related causes of action that the LIQUIDATING TRUST holds against HIJINX, and, therefore denies each and every allegation of Paragraph 46 on that basis. HIJINX admits that the TRUSTEE has included in the Complaint avoidance claims that it is not entitled to assert against HIJINX.

47. Answering the allegations of Paragraph 47 of the Complaint, denies each and every allegation set forth therein.

48. Answering the allegations of Paragraph 48 of the Complaint, HIJINX lacks knowledge or information sufficient to form a belief as to the truth of the TRUSTEE'S intentions, and, therefore denies each and every allegation of Paragraph 48 on that basis. HIJINX admits that the TRUSTEE has sought to recover property and money from HIJINX that the TRUSTEE is not entitled to recover from HIJINX.

49. Answering the allegations of Paragraph 49 of the Complaint, denies each and every allegation set forth therein; in particular, the TRUSTEE is not entitled to avoid statutes of limitations and other bars to recovery by "reserving" the right to amend its Complaint and by asserting without reference to federal law that such amendments will "relate back to this Complaint." These issues are governed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable case law, none of which the TRUSTEE has a right to pre-empt or circumvent

by its so-called "reservation". In the event that the TRUSTEE attempts to amend this Complaint, HIJINX reserves the right to raise all defenses based on applicable law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

50. The Complaint and each and every claim that the TRUSTEE attempts to set forth therein fail to state a claim against HIJINX upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

51. All of the transfers to HIJINX alleged in the Complaint were in payment of debts incurred by the Debtors in the ordinary course of business and financial affairs of the Debtors and HIJINX, and such transfers, and each of them, were made in the ordinary course of business and financial affairs of the Debtors and HIJINX.

52. By reason of the foregoing, the TRUSTEE is barred from avoiding the transfers to HIJINX alleged in the Complaint by virtue of 11 U.S.C. § 547(c).

### THIRD AFFIRMATIVE DEFENSE

53. All of the transfers to HIJINX alleged in the Complaint were in payment of debts incurred by the Debtors in the ordinary course of business and financial affairs of the Debtors and HIJINX, and such transfers, and each of them, were made according to ordinary business terms.

54. By reason of the foregoing, the TRUSTEE is barred from avoiding the transfers to HIJINX alleged in the Complaint by virtue of 11 U.S.C. § 547(c).

## FOURTH AFFIRMATIVE DEFENSE

55. The claims alleged in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations, including without limitation 11 U.S.C. § 546.

## FIFTH AFFIRMATIVE DEFENSE

56. The claims alleged in the Complaint are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

57. The claims alleged in the Complaint are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

58. The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of offset and/or compensation.

## EIGHTH AFFIRMATIVE DEFENSE

59. The claims alleged in the Complaint are barred by the doctrine of res judicata.

## NINTH AFFIRMATIVE DEFENSE

60. In or around October 2008, HIJINX entered into an executory agreement (the "Master Design and Development Agreement") with one of the Debtors, MIDWAY HOME ENTERTAINMENT, INC. ("MHE"), in which HIJINX agreed to provide its services in developing game software playable on certain video game platforms, and MHE agreed to make certain progress payments to HIJINX and to pay HIJINX royalties based on the sales of the software developed by HIJINX for MHE. After filing for bankruptcy protection, the Debtors specifically moved the Court for an order authorizing the Debtors to pay HIJINX, a critical vendor, for its prepetition claims. The Court

approved the Motion. Furthermore, the Debtors assumed and continued to make payments under the Master Design and Development Agreement after the Petition Date.

61. By reason of the foregoing, the TRUSTEE is barred from avoiding the transfers to HIJINX alleged in the Complaint.

## HIJINX'S COUNTERCLAIMS

Counterplaintiff HIJINX STUDIOS, LLC. ("HIJINX") for its Counterclaim against counterdefendant Buchwald Capital Advisors LLC (the "TRUSTEE") in its capacity as Liquidating Trustee of the liquidating trust of Midway Games, Inc., for its counterclaim ("Counterclaim") against the TRUSTEE, alleges that:

## GENERAL ALLEGATIONS

61. Counterplaintiff HIJINX is a limited liability company organized and existing under the laws of California, and having its principal place of business in Santa Ana, California.

61. HIJINX is informed and believes, and based thereon alleges, that counterdefendant TRUSTEE is the trustee of the liquidating trust of Midway Games Inc., et al. (collectively, the "Debtors"), and, in performing the acts alleged hereunder, was the trustee or agent of the Debtors' estates, and, in doing the things complained of herein was acting within the course and scope of such agency or trust.

## JURISDICTION AND VENUE

62. This Court has jurisdiction over this proceeding and the claims in this Counterclaim pursuant to 28 U.S.C. §§ 1334 and 157.

63. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

12

## FACTUAL BACKGROUND

64. On or about October 1, 2008, HIJINX and Debtor Midway Home Entertainment, Inc. ("MHE") entered into a Master Design and Development Agreement (the "Agreement"), the essential terms of which are that HIJINX will provide its services to MHE to develop various video game software playable on certain video game platforms and MHE would pay HIJINX certain progress payments and royalties based on sales of the particular video game software. The parties also agreed that in subsection 5 of the Agreement that "[t]he prevailing party in any legal action brought by one party against the other arising out of this Agreement shall be entitled, in addition to any other rights and remedies available to it at law or in equity, to reimbursement for its costs and expenses (including court costs and reasonable fees for attorneys and expert witnesses) incurred with respect to bringing and maintaining any such action. The term 'prevailing party' for the purposes of this subsection [of the Agreement] shall include a defendant who has by order of a court of competent jurisdiction successfully defended against any claim asserted against it."

65. The transfers from the Debtors to HIJINX that the TRUSTEE alleges it is entitled to recover under the Complaint were made pursuant to the terms of the Agreement, and, hence, the Complaint is one "arising out of this Agreement."

66. HIJINX has fully performed all of its obligations under the Agreement, except those obligations that were excused by the breaches or conduct of the Debtors.

67. HIJINX is entitled to recover from the Liquidating Trust all of HIJINX'S costs and expenses in defending against the claims of the Complaint, including, without limitation, its attorneys' fees and expert witness fees.

WHEREFORE, HIJINX prays judgment as follows:

## ON HIJINX'S ANSWER

1. That the TRUSTEE take nothing by its;

2. For HIJINX'S costs of suit incurred herein, including reasonable attorneys' fees and expert witness fees; and

3. For such other and further relief as the Court may deem proper and just.

## ON HIJNX'S COUNTERCLAIM

1. For an order awarding HIJINX all of its costs and expenses of defending against the claims of the Complaint, including, without limitation, reasonable attorneys' fees and expert witness fees; and

2. For such other and further relief as the Court may deem proper and just.

Dated: September 22, 2010  CROSS & SIMON, LLC
Wilmington, Delaware

_____
Michael J. Joyce (Bar No. 4563)
913 North Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
mjoyce@crosslaw.com

*Counsel for Hijinx Studios LLC*